George BROWNING, et al.

v.

H. Dean EVANS, et al.

No. IP 88–638–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Dec. 14, 1988.

A. Luis Ortiz, Ortiz & Associates, Indianapolis, Ind., for plaintiffs.

John G. Shubat, Jeffrey M. Mallamad, Robert Weddle, Bingham Summers Welsh & Spilman, Indianapolis, Ind., for defendant Decatur Tp. Bd.

David Michael Wallman, Asst. Atty. Gen., Indianapolis, Ind., for defendant Evans and State Bd. of Educ.

David R. Day, Bose McKinney & Evans, Indianapolis, Ind., for defendant School Officials.

## ORDER

STECKLER, District Judge.

This matter is before the Court upon the motion of defendants to dismiss or, in the alternative, for summary judgment pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(6) and 56.

For the reasons stated below, defendants' motion to dismiss the complaint due to lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is granted.[1]

### Facts

Plaintiff Troy Browning ("Troy"), a fourteen year old student at Decatur Township Junior High School, brought this action by his parents in June 1988. Troy has been identified as seriously emotionally handicapped ("SEH") for purposes of the Education for All Handicapped Children Act ("EHA"), 20 U.S.C. § 1401(a).

In June, 1986, a case conference committee met to develop an individualized education program (IEP) for Troy as required by the EHA. The IEP stated that Troy was to remain in regular classes, receive outside counselling and enter the SEH consultative program if his behavorial difficulties continued.

Decatur Junior High has a demerit system for regular students in which the accumulation of forty or more demerits results in expulsion. Troy received various in-school and out-of-school suspensions during the first semester of the 1987–88 school year.

On November 20, 1987, Troy was suspended pending expulsion because he had received forty demerits. The actions taken by the school followed procedures for regu-

1. Since dismissal is premised upon lack of subject matter jurisdiction, the merits of the case will not be reached and arguments under Rules 12(b)(6) and 56 need not be considered.

lar students but did not include the convening of a causal case conference meeting as required for handicapped students by 511 Indiana Administrative Code 7–1–3(j).

When school administrators learned that Troy had been receiving special education services, the suspension was revoked and he was reinstated in school. The causal case conference was held on December 3, 1987. The parents and their advocates initially attended but left during the meeting. The meeting was suspended to allow the parents an opportunity to return and participate. A case conference was reconvened on December 11, 1987. The parents were notified, but indicated that they would not attend.

The causal case conference of December 11, 1988 found that Troy's misconduct was related to his handicapping condition and that he should not be expelled. The committee also recommended a more structured program for him.

The parents had requested a due process hearing prior to the causal case conference committee meeting pursuant to 511 1AC 7–1–3(g). This due process hearing was held on January 13, January 27, and February 16, 1988. The parents and representatives of MSC Decatur Township Schools were present.

The hearing officer ordered the meeting of a new case conference committee to develop an appropriate IEP for Troy. Mr. and Mrs. Browning filed a written request for a review of that determination before the Board of Special Education Appeals within twenty school days. 511 IAC 7–1–3(h)(3).

On May 12, 1988 that Board met, upheld the hearing officer's order, and remanded the case to the hearing officer. The final order of the hearing officer was appealable to the Board of Special Education Appeals within twenty school days. 511 IAC 7–1–3(h)(3).

The parents did not attend the ordered remand nor did they appeal the subsequent plan to the Board of Special Education Appeals. On June 2, 1988, plaintiffs filed this action in federal court.

*Analysis*

This cause of action was instituted pursuant to the Education for All Handicapped Children Act, 20 U.S.C. §§ 1400–1461; the Rehabilitation Act, 29 U.S.C. § 794, and 42 U.S.C. § 1983.

The EHA provides explicitly for administrative remedies and requires, as a condition for federal funding, that states develop adequate procedures for providing due process to handicapped children within the educational setting. 20 U.S.C. §§ 1414, 1415. Indiana has developed 511 IAC 7–1–3(h), at least in part, to meet these requirements of the EHA.

Plaintiffs' failure to exhaust administrative remedies in this setting precludes review by the federal courts unless plaintiffs demonstrate that resort to administrative remedies would be futile or inadequate. Plaintiffs have not met that burden in this case.

Claims under the Rehabilitation Act, 29 U.S.C. § 794; the Civil Rights Act, 42 U.S.C. § 1983, the Due Process and Equal Protection Clauses of the United States Constitution, are likewise untimely if administrative remedies have not been fully exhausted.

Accordingly, the Court hereby GRANTS the defendants' motion to dismiss.